## HUNT v. O'CONNOR.

(Circuit Court, W. D. Pennsylvania. February 26, 1907.)

No. 19.

ACCOUNT—EQUITABLE JURISDICTION—ADEQUATE REMEDY AT LAW.
A bill for an accounting which alleges that complainant contracted with a railroad company to do certain construction work, that he sublet a portion of the same to defendant, who was to receive the same prices paid by the company therefor, less 10 per cent., that after a portion of the work had been done complainant, at defendant's request, took full charge and superintendence of the work under the subcontract, and in doing the same made payments on behalf of defendant, does not state a case within the cognizance of a federal court of equity, it appearing from such allegations that complainant has a plain, adequate, and complete remedy at law, since the amount due the defendant under his contract is ascertainable from the records of the railroad company, and the amounts advanced by complainant are presumably within his own knowledge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Account, §§ 62–70.]

In Equity. On demurrer to bill.

Arthur Fording, for complainant.

M. J. Hosack, for respondent.

EWING, District Judge. The plaintiff's bill alleges a contract taken by himself and one William Kenefick originally, and subsequently the rights thereof were entirely vested in the plaintiff, for the performance of certain work for the Pittsburgh, Carnegie & Western Railway Company, the portion thereof involved in this action being what is known as section 19 of said road; and that, on the 14th of November, 1902, the plaintiff made a subcontract with the defendant whereby the defendant undertook and agreed to "excavate and remove the material from the west end approach of a certain tunnel to be built on said section 19, and to do such work for your orator's contract price specified in the said railroad company's contract, less 10 per cent., all such work to be done in accordance with the plaintiff's said contract with the railroad company"; that the defendant having undertaken said work his progress therein was too slow to be satisfactory and to comply with the requirements of the principal contract and of the subcontract, in consequence whereof the plaintiff furnished the defendant with materials and supplies at the defendant's request to aid in the more rapid prosecution of the work; and that on May 28, 1903, the plaintiff and the defendant agreed that the plaintiff "should assume for the said defendant the superintendence and management of the said work and thereby bring it to completion for the defendant," and further expressly agreed that if the plaintiff should find it expedient to advance money in the course of such work for payment of accounts or claims against the said defendant the plaintiff should be entitled to charge such payments against the defendant's account under the said subcontract of November 14, 1902; that the plaintiff thereupon did assume the superintendence and management of the said undertaking and work of the defendant, and diligently and economically prosecuted the same to completion; that in the course of the said work the neglect of the defendant to furnish supplies, materials, and money for the payment of wages often made it necessary for the plaintiff either to advance his own funds for such purposes, or to allow the said work to be neglected; that it likewise became necessary for the plaintiff to advance money to creditors of said O'Connor on account of bills and accounts outstanding in order to protect the said work from interference; that, during the course of the said work so done for the defendant, the plaintiff paid all such necessary expenses for materials, supplies, equipment, wages, and salaries as were necessary for the prosecution of the said work and were not provided for by the defendant; and that the accounts of the said work and of payments on account thereof, and all expenses incurred by the plaintiff in connection therewith, and of payments and expenses by said O'Connor on account thereof, are long and intricate and are still open and unsettled, and that they cannot be taken except in a court of equity, and that the plaintiff has no adequate remedy at law; and that the defendant had begun and is prosecuting an action at law against the plaintiff and said Kenefick, as alleged copartners, for the recovery of the sum of $9,010.67, which he alleges to be the balance or

sum of money coming to him in respect to the said transaction. Wherefore the plaintiff prays that the defendant may be required to appear and answer (but not under oath) and make a true discovery and disclosure of and concerning all and singular the transactions and matters aforesaid, and that an account may be taken, by and under the direction and decree of the court, of all dealings and transactions between the plaintiff and the defendant, and that the balance found due upon the settlement of said accounts be paid.

To this bill the defendant has filed a demurrer: First, that the bill shows no ground for equitable relief; second, that it shows simply a relation of debtor and creditor; and third, that there is no necessity shown for any discovery, because the bill sets forth that the plaintiff furnished the defendant with material and supplies and assumed the superintendence and management of said undertaking and work of the defendant, and diligently and economically prosecuted the same to completion, thus exhibiting his knowledge of the transaction between himself and the defendant.

A careful examination of the bill discloses no grounds for equitable relief beyond the allegations that the accounts between the plaintiff and defendant are long and intricate and still open and unsettled, that the said accounts cannot be properly taken except in a court of equity, and that the plaintiff has no adequate remedy at law. The contract between the plaintiff and the railway company is not shown, so that we cannot ascertain its character nor learn regarding the amount of the materials excavated and removed and the price to be paid therefor. But it is assumed that it was one of the ordinary contracts of that character for the construction of railroad work, and that it merely specified what was to be paid for various kinds of work, and how the amount of the labor performed should be ascertained; so that there should be really no difficulty in ascertaining upon the ground, and certainly from the railway company's archives, exactly the amount of work that was done at the point in question, the character of it, and the compensation for the same. The railway company's engineer no doubt had supervision of this work, and made the estimates and returns to the company upon which payment was made under the contract. These estimates, we know, are ordinarily taken at stated periods, so that there should be no difficulty in ascertaining the amount of the work that had been accomplished by the defendant between the date of his contract, November 14, 1902, and the date on which the plaintiff took charge thereof, May 28, 1903. From that date, May 28, 1903, according to the plaintiff's own allegations, he had entire charge and management of the work, and all the accounts thereof are evidently in his possession. What payments were made by the defendant on account of expenses does not appear to be a matter of any moment at all in the determination of this case, because his compensation is based on the railway company's contract, and all that is necessary for the elucidation of the case is an account of the work done by O'Connor prior to May 28, 1903, which, as stated, the railway company can evidently furnish, and the amount expended by the plaintiff for the completion of that contract subsequent to that date, a full account of which must be in his own possession. Under these circumstances, I can see no reason what-

ever why a plain, adequate, and complete remedy may not be had at law, nor any reason for the intervention of equity. Section 723 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 583] expressly declares that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law."

So, in view of the opinion above expressed as to the case exhibited in the bill, and by reason of the provisions of the section above quoted, the demurrer is sustained.